IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTHA R. CROWE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-596-Y |
| | § | |
| W. ELAINE CHAPMAN, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B. PARTIES

Petitioner Martha R. Crowe, Reg. 05610-033, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

C. PROCEDURAL HISTORY

Crowe is serving a 121-month aggregated term of imprisonment for her December 3, 1996, convictions in the Western District of Kentucky for mail fraud, money laundering, and money laundering/aiding and abetting. (Resp't Appx. at 3) After failing to surrender for service of her sentences, Crowe remained at large until July 9, 2001, when she was arrested on a fugitive warrant in Long Key, Florida. On May 7, 2003, she was sentenced to a 15-month term of imprisonment to be served consecutively to the 121-month sentence. Her projected release date with good time credit is May 22, 2011. (Resp't Appx. at 1) Crowe seeks placement in a residential re-entry center (RRC), also referred to as a community corrections center (CCC) or a halfway house, under 18 U.S.C. § 3624(c). The Bureau of Prisons (BOP) denied such placement based on her history of escape and the time remaining on her federal sentence. Crowe sought administrative relief to no avail. (*Id.*) This federal habeas corpus proceeding followed.

D. DISCUSSION

Crowe asserts she has been a model inmate, her unit team evaluations state she is ready for a RRC placement and transfer, and she has taken and completed all the pre-release programs. Thus, she claims she meets the criteria for immediate placement in a RRC and argues that by denying such placement the BOP has impermissibly restricted its discretion given it by Congress to consider transferring her to a RRC prior to the last 10% of her sentence under former § 3624(c), the federal regulations implementing it, 28 C.F.R. §§ 570.20 and 570.21, and program statement 7310.04. Under former § 3624(c) and BOP policy and regulations, the BOP could exercise its discretion categorically to designate an inmate to community confinement limited to the last ten percent of the sentence being served, not to exceed six months. Crowe cites to case law of other circuits holding

2

that §§ 570.20 and 570.21 conflict with § 3621(b) as to when an inmate may be considered for placement and transfer to an RRC. In conformity with that case law, Crowe requests the court order the BOP to consider her for immediate placement and transfer to a RRC without regard to §§ 570.20 and 570.21.

On April 9, 2008, Congress amended § 3624(c) to increase placement in a residential re-entry center (RRC) up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. The Act further required the BOP to enact new regulations consistent with the amended statute. Toward that end, the BOP rescinded its former regulations contained in C.F.R. §§ 570.20 and 570.21, adopted the five-factor criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility, and revised its policies to require the review of inmates by a unit team 17-19 months before their projected release date.

Crowe does not address the amendment to § 3624(c), which is applicable to her, or its effect upon her case. In light of the new legislation, Crowe's challenges to the older statute, regulations, and program statement are rendered moot. Whether the BOP complied with the old statute, regulations and program statement is irrelevant in addressing current compliance with the new statute. Furthermore, it is well settled that there is no constitutionally protected right of a convicted person to early release under § 3624. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC,

1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Disqualifying Crowe based on her history of escape and the length of time remaining on her sentence was a reasonable exercise of the Bureau's discretion, and prison officials' authority, under the current statute and the relevant regulations and program statements.

## II. RECOMMENDATION

Crowe's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 24, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 24, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 3, 2010.

　　　　　　　　　　　　　　　　　　　　　 /s/   Charles Bleil                              
　　　　　　　　　　　　　　　　　　　　　CHARLES BLEIL
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE